IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ROTH CHRISTOPHERSON, d/b/a<br>A'Deas Printing,<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br>JURY DEMAND |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, AND DECEPTIVE AND <u>UNLAWFUL TRADE PRACTICES</u>**

3M Company ("3M"), appearing through its undersigned counsel, alleges as follows:

**PARTIES**

1. Plaintiff 3M is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

2. Defendant Roth Christopherson, d/b/a A'Deas Printing, is an individual with an address of 12705 East Birchwood Drive, Wichita, Kansas 67206.

**NATURE OF THIS ACTION; JURISDICTION OF THE COURT**

3. This is an action for trademark infringement, dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq.*; for unlawful trade practices under the

Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*; for dilution under the Minnesota anti-dilution statute, Minn. Stat. § 333.285 *et seq.*; for trademark infringement and unfair competition under the common law of Minnesota; and for unjust enrichment.

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over 3M's claims under state law.

5. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### 3M'S USE AND REGISTRATION OF THE MARK POST-IT

6. 3M develops and markets innovative products and solutions, including many consumer and office products, serving a diverse field of customers.

7. 3M introduced the revolutionary POST-IT brand of repositionable notes and adhesive-backed paper over thirty years ago.  Since that time, 3M has continuously used the mark POST-IT (the "POST-IT Mark") in connection with a wide variety of products, including, without limitation, repositionable notes and note dispensers in various shapes, sizes, and colors, repositionable flags, page markers, and poster paper.  In addition to direct-to-consumer sales, 3M custom prints and offers such products to businesses as advertising and promotional items.

8. The POST-IT Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

9. As a result of 3M's long and extensive use and promotion of the POST-IT Mark and the many high-quality products sold under the mark, POST-IT is a leading brand in the market for office products and supplies, and also is one of the most famous brands in the United States. *See 3M Co. v. Professional Gallery, Inc.,* 2014 WL 3686877 (TTAB July 17, 2014) ("The above evidence leaves us in no doubt that POST-IT is a famous mark for sticky notes."); *Minnesota Min. & Mfg. Co. v. Taylor*, 21 F. Supp. 2d 1003, 1005 (D. Minn. 1998) (finding POST-IT mark famous).

10. Use of 3M's POST-IT brand products is extremely widespread, including in the home, office, and promotional markets. 3M's POST-IT products are promoted and available for purchase online, including directly from 3M through its websites (including 3M.com and Post-it.com), third-party websites such as Amazon.com, as well as in, and on the websites of, leading national office supply stores (Office Depot, OfficeMax, Staples); pharmacies (CVS, Rite Aid, Walgreens); and general retailers (Target, Wal-Mart). 3M's POST-IT promotional products may be purchased through catalogs and online.

11. 3M's custom printed products offered under the POST-IT brand are sold through a network of distributors, and are promoted on 3M's website at http://promote.3m.com.

12. As a result of 3M's long use and promotion, 3M has acquired valuable common law rights in the POST-IT Mark.

13. The POST-IT Mark has become famous, including in Minnesota.

14. In addition to its extensive common law rights, 3M has registered the POST-IT Mark on the Principal Register of the United States Patent and Trademark Office ("PTO") in accordance with federal law. 3M owns numerous U.S. registrations, many of which are incontestable, for its famous mark POST-IT for numerous goods. These registrations include, but are not limited to, the valid and subsisting registrations shown in the following chart, each of which is incontestable except the final two:

| Registration Number | Date Issued | Goods |
|---|---|---|
| 1046353 | 8/17/76 | Paper and cardboard sheet material having adhesive coating on both sides thereof for attachment to walls or other vertical surfaces to hold displays or other messages in place |
| 1198694 | 6/22/82 | Stationery notes containing adhesive on one side for attachment to surfaces |
| 1208297 | 9/14/82 | Trays for holding stationery notes |
| 1284295 | 7/3/84 | Adhesive tape for home and office use |
| 1935381 | 11/14/95 | Adhesive backed easel paper and easel pads |
| 2736421 | 7/15/03 | Stationery notes and note pads containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or office use; cover-up tape for paper; tape flags; printed note forms; printed notes featuring messages, pictures or ornamental designs; adhesive-backed easel paper and easel pads; bulletin boards; glue sticks for stationery or office use; and paper and cardboard sheet material having adhesive coatings on both sides for attachment to walls or other surfaces to hold displays or other messages in place |
| 3168105 | 11/7/06 | Stationery notes containing adhesive on one side for attachment to surfaces; printed notes featuring messages, pictures or ornamental designs; note pads, business forms, index cards, index tabs, easel paper, easel pads, sketch pads, art pads, banners of paper, page markers, bookmarks and recipe cards containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or office use; labeling tape; cover-up tape for paper; correcting tape for type; tape flags; easels; display and message boards, adhesive backed strips and geometrical shapes made from cardboard |

| Registration Number | Date Issued | Goods |
|---|---|---|
| | | for attachment to surfaces; dry erase writing boards and writing surfaces; holders for stationery notes, notepads and tape flags; dispensers for tape flags and stationery notes for stationery use; ball point pens and highlighter pens containing tape flags; photo paper |
| 3861083 | 10/12/10 | Adhesive-backed paper pockets for attachment to surfaces; adhesive labels; adhesive-backed paper name badges; adhesive-backed craft paper |

True and correct copies of these registrations are attached as Exhibit A.

## DEFENDANT'S UNLAWFUL ACTIVITIES

17. Defendant makes and sells custom printed repositionable adhesive products in the promotional markets business using the mark STICK-IT ("Defendant's Mark").

18. Defendant's products are offered for sale on Defendant's highly interactive website, www.adeasprinting.com, from which customers can design and purchase products directly.

19. Defendant filed an application at the PTO to register Defendant's Mark for "Advertising and marketing; Advertising and publicity services, namely, promoting the goods, services, brand identity and commercial information and news of third parties through print medium; Distribution and dissemination of advertising materials" in class 35 and "Customized printing of company names and logos for promotional and advertising purposes on the goods of others; Printing of advertising brochures for others; Printing of advertising matter; Printing services" in class 40 (Serial No. 86115571) ("Defendant's Application").  3M has timely opposed Defendant's Application.

20. Defendant's Mark is confusingly similar to 3M's famous POST-IT mark. Both marks consist of two-syllable terms with the identical suffix "-IT," and the term

"stick" in Defendant's Mark would be highly associated by consumers with 3M's POST-IT brand and products.

21. Defendant's repositionable products travel through the same or similar channels of trade as competing or related products sold by 3M under its POST-IT Mark, and are sold to the same or similar types of consumers.

22. Defendant is using Defendant's Mark in commerce.

23. Defendant began using Defendant's Mark long after 3M began using and registered the POST-IT Mark and after the POST-IT Mark became famous.

24. Defendant's use of Defendant's Mark in this manner is not authorized or endorsed by 3M in any way. 3M has notified Defendant of its rights in the POST-IT Mark and Defendant's infringement and dilution, but Defendant has continued his use of Defendant's Mark.

### EFFECT OF DEFENDANT'S ACTIVITIES ON 3M AND THE CONSUMING PUBLIC

25. Defendant's unauthorized use of Defendant's Mark in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive the parties' customers and consumers, at least as to some affiliation, connection, or association between Defendant and 3M or its POST-IT brand, or as to the origin, sponsorship, or approval of Defendant's products and services by 3M or its POST-IT brand.

26. Defendant's unauthorized use of Defendant's Mark falsely designates the origin of Defendant's products and services, and falsely and misleadingly describes and represents facts with respect to Defendant and his products and services.

6

27. Defendant's unauthorized use of Defendant's Mark enables him to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for his products and services not solely on their own merits, but on the reputation and goodwill of 3M, 3M's POST-IT Mark, and 3M's products and services.

28. Defendant's unauthorized use of Defendant's Mark is likely to cause dilution by blurring of 3M's famous POST-IT Mark.

29. Defendant's unauthorized use of Defendant's Mark unjustly enriches Defendant at 3M's expense.

30. Defendant's unauthorized use of Defendant's Mark removes from 3M the ability to control the nature and quality of products and services provided under the POST-IT Mark (or marks likely to be associated with the POST-IT Mark), and places the valuable reputation and goodwill of 3M in the hands of Defendant, over whom 3M has no control.

31. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

32. 3M repeats the allegations above as if fully set forth herein.

33. The acts of Defendant complained of herein constitute infringement of 3M's federally registered POST-IT Mark in violation of 15 U.S.C. § 1114(1).

## COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

34. 3M repeats the allegations above as if fully set forth herein.

35. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: FEDERAL DILUTION

36. 3M repeats the allegations above as if fully set forth herein.

37. The acts of Defendant complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

## COUNT IV:  DECEPTIVE TRADE PRACTICES

38. 3M repeats the allegations above as if fully set forth herein.

39. The acts of Defendant complained of herein constitute deceptive trade practices in violation of Minn. Stat. § 325D.44 *et seq*.

40. Pursuant to Minn. Stat. § 325D.45, 3M is entitled to recover its costs and attorneys' fees.

## COUNT V:  UNLAWFUL TRADE PRACTICES

41. 3M repeats the allegations above as if fully set forth herein.

42. The acts of Defendant complained of herein constitute unlawful trade practices in violation of Minn. Stat. § 325D.09 et seq.

43. Pursuant to Minn. Stat. § 325D.15 and Minn. Stat. § 8.31(3a), 3M is entitled to recover its costs, disbursements, costs of investigation, and reasonable attorneys' fees.

### COUNT VI: DILUTION UNDER STATE LAW

44. 3M repeats the allegations above as if fully set forth herein.

45. The acts of Defendant complained of herein constitute trademark dilution in violation of the anti-dilution statute of Minnesota, Minn. Stat. § 333.285.

### COUNT VII: TRADEMARK INFRINGEMENT UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

46. 3M repeats the allegations above as if fully set forth herein.

47. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of Minnesota.

### COUNT VIII: UNFAIR COMPETITION UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

48. 3M repeats the allegations above as if fully set forth herein.

49. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of Minnesota.

### COUNT IX: UNJUST ENRICHMENT

50. 3M repeats the allegations above as if fully set forth herein.

51. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at 3M's expense.

### COUNT X: REFUSAL OF REGISTRATION

52. 3M repeats the allegations above as if fully set forth herein.

53. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of Defendant's Mark, Application Serial No. 86115571.

54. Defendant's Mark, the subject of Defendant's Application, so resembles 3M's POST-IT Mark as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

55. Defendant's Mark would be likely to cause dilution by blurring under Section 43(a) of the Lanham Act. Registration should therefore be refused under 15 U.S.C. § 1052, last paragraph.

## **DEMAND FOR RELIEF**

WHEREFORE, 3M demands that:

(a) Defendant, his agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using Defendant's Mark, and any other mark that is not at least a safe distance away from, or otherwise confusingly similar to or likely to cause dilution of, 3M's POST-IT Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b) Defendant be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which he has complied with the injunction;

(c) 3M recover all damages it has sustained as a result of Defendant's activities and that said damages be trebled;

(d) An accounting be directed to determine Defendant's profits resulting from his activities complained of herein, and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(e) 3M recover its reasonable attorney fees;

(f) 3M recover its costs of this action and prejudgment and post-judgment interest;

(g) The Court determine that Defendant is not entitled to registration of Defendant's Mark, and certify an order to the Director of the PTO pursuant to 15 U.S.C. § 1119 refusing registration of Application Serial No. 86115571 with prejudice, who shall make appropriate entry upon the records of the PTO and shall be controlled thereby; and

(h) 3M recover such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38, 3M demands a jury trial on all issues in this case triable of right by a jury.

Respectfully submitted,

DATED: December 5, 2014

s/Heather J. Kliebenstein
Heather J. Kliebenstein
MERCHANT & GOULD
80 South 8th Street, Suite 3200
Minneapolis, MN 55402-2215
(612) 332-5300

Of Counsel:
William G. Barber
Wendy C. Larson

PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200

**ATTORNEYS FOR PLAINTIFF 3M COMPANY**